IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VICTOR L. JOHNSON,
    Plaintiff,

vs.                                                                           Case No. 5:08cv324/RS/EMT

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff is an inmate of the Florida Department of Corrections ("DOC") who proceeds pro se in this action filed pursuant to 42 U.S.C. § 1983. Leave to proceed in forma pauperis has been granted (Doc. 11). Presently before the court is Plaintiff's third amended complaint (Doc. 52).[1]

    Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483,

---

[1] Although the complaint now under review is Plaintiff's third amended complaint, the court has substantively reviewed only one of the previously filed complaints, the first amended complaint filed on October 23, 2008 (see Docs. 19, 31). The initial complaint was rejected because it was not submitted on the proper court form (see Docs. 1, 18). The second amended complaint (Doc. 32) was not reviewed because, before it was considered, the court granted Plaintiff's motion for leave to file the third amended complaint (see Docs. 51–53).

1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007). Upon consideration of the instant complaint, for the reasons stated below the court concludes that this action is due to be dismissed for failure to state a claim for relief.

Plaintiff is housed at Gulf Correctional Institution ("GCI"), where the events giving rise to the claims asserted in the third amended complaint occurred. In addition to the DOC, Plaintiff names as Defendants in the instant complaint former GCI Warden R. Tifft and GCI employees Capt. Stalmaker, Capt. Mashburn, Lt. M. Haze, Registered Nurse Larry Conger, Sgt. Rolling, Correctional Officer M. Taylor, and Sgt. Creamer. Plaintiff's allegations, while not well articulated, are clear enough to ascertain that he asserts the following. Plaintiff suffers from asthma and high blood pressure. Despite these conditions, on December 30, 2008, and again on January 2, 2009, Defendant Tifft—with the approval of Defendant Conger of the medical department staff—permitted Defendants Stalmaker, Haze, Rolling, Taylor, and Creamer to spray Plaintiff with mace, resulting in Plaintiff's suffering from "lesser breathing, constantly bad headaches, bleeding, etc." (Doc. 52 at 6). Plaintiff further alleges that Defendant Mashburn lacked proper authority to review his grievances concerning use-of-mace incidents and, in any event, wrongly denied them. As relief for the alleged violations of his constitutional rights, Plaintiff seeks "[in] excess" of $1,000,000.00 in damages, plus the termination of the Defendants' employment with the DOC and an investigation into the complained-of events (*id.* at 8).[2]

---

[2] The court addresses the claims in the third amended complaint as they are presented, despite the fact that the events alleged bear no resemblance to those alleged in the initial, first amended, or second amended complaints; also, other than the DOC, none of the Defendants in the earlier complaints are the same as those in the instant complaint. Although the allegations in each of the prior complaints are difficult to decipher, it is evident that in the initial complaint Plaintiff asserted a claim of the use of excessive force resulting in injury to his ankle, hand, and spine, and inadequate medical treatment for those injuries (Doc. 1); in the first amended complaint Plaintiff primarily asserted that he had been denied proper medical attention for his ankle, spine, hand, and emotional problems (Doc. 19); and in his second amended complaint Plaintiff asserted in very cursory and vague terms that he had serious medical needs which had been ignored (Doc. 32).

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has consistently enforced the PLRA's mandatory exhaustion requirement, holding that the requirement applies to all federal claims brought by any inmate. *See* Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 520, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Courts do not have discretion to waive the exhaustion requirement, even if it can be shown that the grievance process is futile or inadequate. Woodford, 126 S. Ct. at 2382; Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998). Nor may courts inquire as to whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Woodford, 548 U.S. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). Pursuant to the Florida Administrative Code Chapter 33-103, a prisoner must exhaust all available administrative remedies before pursuing a civil rights action. Specifically, the DOC provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Fla. Admin. Code 33-103.005-007. Except in certain circumstances, when an inmate files a formal grievance, he must attach the informal grievance and the response received to the informal grievance. *Id.* at r. 33-103.006(2)(h). If the inmate's issue is not resolved by utilizing the formal grievance at the institutional level, the inmate must file an appeal to the Office of the Secretary of the DOC. *Id.* at r. 33-103.007. Additionally, an inmate may bypass the filing of an informal and formal grievance and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the DOC Secretary. *Id.* at r. 33-103.007(6).

Because exhaustion of administrative remedies is a "precondition" to filing an action in

federal court, the Eleventh Circuit requires prisoners to complete the administrative process prior to initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam ); *see also* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). The Supreme Court has made it clear, however, that the "failure to exhaust is an affirmative defense under the PLRA, and . . . [that] inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Nevertheless, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. *Id.* at 215–16; *see also* Clark v. Georgia Bd. of Pardons & Paroles, 915 F.2d 636, 640–41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies").

In the instant case, the incidents alleged by Plaintiff in the third amended complaint involving the use of mace occurred on December 30, 2008, and January 2, 2009, both of which dates were several months after Plaintiff filed the complaint on October 23, 2008 (*see* Doc. 1 at 4). Thus it is clear from the face of the third amended complaint that Plaintiff could not have exhausted his administrative remedies concerning the events at issue prior to initiating this action, as required by the PLRA.[3] Accordingly, the court concludes that this action should be dismissed because Plaintiff's claims are barred by the affirmative defense of failure to exhaust administrative remedies prior to bringing suit. *See* Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (per curiam)

---

[3] Because the events of which Plaintiff complains in the third amended complaint occurred after the original complaint was filed, amendment would be futile as under no additional facts could Plaintiff establish that he exhausted his administrative remedies prior to the initiation of this lawsuit. *See* Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534–35 (7th Cir. 1999); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Hattie v. Hallock, 16 F. Supp. 2d 834, 836 (N.D. Ohio 1998). Moreover, as noted, the PLRA does not permit exhaustion of remedies while a case is pending. *See* Higginbottom, 223 F.3d at 1261; Miller, 196 F.3d at 1193. *See also* Perez, 182 F.3d at 538; McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); and Neal v. Goord, 267 F.3d 116, 121–22 (2d Cir. 2001). As a final matter, as Plaintiff has already filed four complaints in this action (each of which is or verges on being unintelligible), the court need not give him an opportunity to file yet another complaint in an attempt to present a cognizable claim. *See* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (indicating that court is not without power to dismiss a prolix complaint without leave to amend where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972).

Case No. 5:08cv324/RS/EMT

(affirming district court's sua sponte dismissal of prisoner's complaint because the complaint's allegations were sufficient to establish that plaintiff had failed to exhaust his administrative remedies); Okpala v. Drew, 248 Fed. App'x 72, 73 (11th Cir. 2007) (indicating that where the affirmative defense of failure to exhaust administrative remedies appears on the face of a prisoner's complaint, no claim for relief was stated; the complaint therefore must be dismissed under the PLRA).

Because, for the reasons stated above, the facts as pleaded in the third amended complaint fail to state a claim for relief, dismissal of this action is warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it respectfully **RECOMMENDED**:

That this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this 27th day of September 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**